UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LAKE TRUST CREDIT UNION,

        Appellant,

v.

GREGORY GERALD HOUSTON,

        Appellee.
_____/

Civil Case No. 2:12-CV-10534-BAF-RSW
Hon. Bernard F. Friedman
Magistrate Judge R. Steven Whalen

**APPELLANT'S REPLY BRIEF**

## TABLE OF CONTENTS

*Page*

*Restatement of the Case*......................................................................................... 3

*Argument*.................................................................................................................. 5

*Conclusion*................................................................................................................ 7

### Cases

*Citizens Bank of Maryland v. Strumpf,*
    516 U.S. 16; 116 S.Ct. 286; 133 L.Ed.2d 258(1995)......................................... 5

### Statutes

M.C.L. §490.51............................................................................................................ 6

M.C.L. §490.52-57..................................................................................................... 7

M.C.L. §490.58-60..................................................................................................... 7

M.C.L. §490.561-64................................................................................................... 7

## RESTATEMENT OF THE CASE

This is an appeal from an Opinion and Order Regarding Lake Trust Credit Union's Motion for Relief From the Automatic Stay to Allow Setoff Pursuant to 11 U.S.C. §553(a). The Appellee/Debtor, Gregory Gerald Houston, filed for relief pursuant to Chapter 7 on August 2, 2011. Mr. Houston did not list his interest in a joint account held at Lake Trust Credit Union on Schedule B of his bankruptcy schedules or in answer to Statement of Financial Affairs question 14 which inquires about "Property Held for Another Person". Account #XXXXXX0238 with Lake Trust Credit Union was/is a "Multiple Name Share Deposit Account with Survivorship". (See EXHIBIT 1) The owners of the account were/are Kathryn V. Houston-Nedd, Member and Gregory G. Houston, First Joint Member. At the time the Chapter 7 bankruptcy case was filed, the above referenced joint account held a balance of $61,396.68. Additionally, under this same account, there were/are three (3), twelve (12) month Certificates of Deposit which held funds totaling $27,409.16, $27,409.16 and $27,409.16 respectively. The Certificates of Deposit were owned by Kathryn Houston-Nedd and Hubert A. Nedd, Gregory Houston and Karin Houston. Hubert A. Nedd, Gregory Houston and Karin Houston were listed on the Certificates as "Joint Owner". Mr. Houston listed obligations owing to Appellant, Lake Trust Credit Union, on Schedule F of his bankruptcy documents. He scheduled a debt in the amount of $40,000.00 relating to account #XXXX-XXXX-XXXX-4914 and a second debt in the amount of $1,574.00 relating to account #XXXX-XXXX-XXXX-3730. Both of these accounts were VISA accounts with Lake Trust Credit Union.

Kathryn Houston-Nedd created account #XXXXXX0238 on or about June 24, 1993. This account, as stated above, has two (2) owners, Kathryn Houston-Nedd and Gregory G. Houston. Mr. Houston created an account with Lake Trust Credit Union solely in his own name on or about

3

November 29, 1999. Both Ms. Houston-Nedd and Mr. Houston were provided with "Terms and Conditions of Your Account" when they opened their accounts. Mr. Houston opened a VISA Classic Credit Card with Lake Trust Credit Union solely in his name on or about November 19, 2000. Lake Trust Credit Union issued to Mr. Houston a VISA card (#3730) with a credit limit of $1,500.00 and provided him with Credit Card Account Opening Disclosures and Consumer Credit Card Agreement. Mr. Houston opened a Platinum Preferred VISA with Lake Trust Credit Union on or about September 22, 2005. Lake Trust Credit Union issued to Mr. Houston a VISA card (#4914) with a credit limit of $50,000.00 and provided him with Credit Card Account Opening Disclosures and Consumer Credit Card Agreement. The balance owing on these accounts on the date of the Chapter 7 filing was $1,499.14 and $40,488.53 respectively.

Upon Mr. Houston's Chapter 7 filing, Lake Trust Credit Union froze funds in account #XXXXXX0238 in an amount equal to the balance owing on the two (2) VISA accounts and filed a Motion for Relief From the Automatic Stay to Allow Setoff Pursuant to 11 U.S.C. §553(a). (Bankruptcy Court Docket #22) Mr. Houston filed a Response to the Motion (Bankruptcy Court Docket #25) and a hearing was scheduled for October 4, 2011. At the hearing, the Court requested briefs and the hearing was adjourned to November 8, 2011. Briefs were filed by both parties. (Bankruptcy Court Docket #34 and #35) At the November 8, 2011 hearing, the Court was still undecided and adjourned the hearing again to November 29, 2011. The Court filed an Amended Notice of Hearing that changed the adjourned date to December 6, 2011. That hearing was again adjourned by the Court, without the appearance of either party, to December 13, 2011. The hearing on December 13, 2011 was not held as the Bankruptcy Judge indicated she would issue an opinion based upon the briefs submitted.

4

The Court filed an Opinion and Order Regarding Lake Trust Credit Union's Motion for Relief From the Automatic Stay to Allow Setoff Pursuant to 11 U.S.C. §553(a) on December 21, 2011. The court held that the Credit Union's right to setoff is subject to Ms. Houston-Nedd's claim of contribution and the presumption of ownership as provided in Mich. Comp. Laws §490.53 (see page 19 bankruptcy court's Opinion). The result of this, according to the bankruptcy court, is that the Appellant may not setoff against the funds in joint account #XXXXXX0238. It is from this ruling that Lake Trust Credit Union has appealed.

## ARGUMENT

Appellee, in his brief, has put forth the argument that the action of the Appellant freezing the account in question is a violation of the automatic stay. It is Appellee's position that the proper procedure requires a motion for relief from stay first and then Appellant may freeze the funds. A review of the pleadings and transcripts appears to reflect that this argument is being presented for the first time. As such, it is not properly before this Court. Further, it does not appear that Appellee filed a Statement of Issues on Appeal and therefore, the question of stay violation is not properly an issue on appeal. If Appellant has overlooked the portion of this record pertaining to this argument, in response, Appellee is mistaken in his interpretation of the law. The Supreme Court in *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16; 116 S.Ct. 286; 133 L.Ed.2d 258 (1995) validated the freeze on the account followed by a request for relief from stay and such an action is not a violation of the automatic stay. Case law cited by Appellee in support of his argument is pre-*Strumpf.*

Appellee asserts that the Appellant may not set off a debt owed to it against a multiple-party account as there are "presumptions of ownership" that are applicable and when considered,

the Appellee has no interest in the account. Appellee has argued that as he has neither deposited nor withdrawn any funds from the account in question, he has no interest in the funds and therefore, the Appellant may not setoff his obligations against the account. This statement is untrue. Appellee, throughout his brief, refers to the account as a "survivorship account". While the account does have a "survivorship" provision, it is fully a "Multiple Name Share Deposit Account with Survivorship". When the account was created, Appellee's mother, Kathryn Houston-Nedd, stated her intention to:

> "open a multiple name share-deposit account to be known as Account Number XXXX in which sums paid to the Credit Union on share-deposits and accumulations, less setoffs as allowed by law for sums due the Credit Union by any party, shall be paid to one or more of the following parties on proper demand." (See Exhibit 1 - Application - Multiple Name Share Deposit Account with Survivorship).

The quoted language appears below the main signature line and above the signature line creating the multiple name account. Additionally, below the joint owner's signature, a paragraph appears wherein it is written:

> "The Aforementioned are hereby made parties to this share-deposit account and on proper withdrawal demand, the Credit Union will pay all sums due on account of payment on share-deposits and any accumulations or benefits added thereof, less any setoff allowed by law to any one or more of said parties" (See Exhibit 1 - Application - Multiple Name Share Deposit Account with Survivorship).

The Appellee and Ms. Houston-Nedd clearly had the intention to establish a multiple party account. Further, they were both aware of the setoff provisions of the account as it was plainly stated not once, but twice on the signature page of the account application.

Multiple-party accounts at a credit union are governed by the provisions contained in M.C.L. §490.51 - §490.64. M.C.L. §490.51 defines an "account" as "a contract of deposit of funds between depositors and credit unions, and includes deposit accounts, members or share accounts

6

and other like arrangements whether or not they may be characterized as refundable capital investments." A "multiple-party account" is "an account in the names of 2 or more persons, 1 or more or all of whom may make withdrawals, or an account in the name of 1 or more parties as trustee for 1 or more beneficiaries even though no mention is made of a right of withdrawal by a beneficiary." M.C.L. §490.52 through §490.57 relate to presumptions "concerning beneficial ownership as between parties of multiple-party accounts" and are "relevant only to controversies between these persons or their creditors...." "Creditors" in this portion of the statute are those entities other than the credit union. The "creditor" relationship between the parties to a multiple-party account and the credit union is governed by the set-off provision in §490.64. M.C.L. §490.58 through 490.60 pertain to evidence to rebut the presumptions and other issues specific to the relationship between the parties to a multiple-party account. M.C.L. §490.61 through §490.64 relate to the liability of a credit union who makes payment pursuant to a multiple-party account and the credit union's "set-off rights". The credit union's set-off rights are found at M.C.L. §490.64 which states:

> Without qualifying any other statutory right to set-off or lien and subject to any contractual provision, when a party to a multiple-party account is indebted to a credit union, the credit union has a right to set-off against the entire amount of the account.

There is nothing ambiguous in this provision. It is explicit, certain, clear and precise. "[T]he credit union has a right to set-off against the entire amount of the account."

## CONCLUSION

The Bankruptcy Court erred when it ruled that the Credit Union's right, pursuant to 11 U.S.C. §553(a) and M.C.L. §490.64, to set-off a debt owed to it by Debtor against funds in a joint account is subject to the presumptions of ownership contained in M.C.L. 490.53. The Appellant

7

may set-off against the entire amount of the multiple-party account held by Appellee and his mother. The Appellee/Debtor was indebted to the Appellant at the time the bankruptcy case was filed and was an owner of a multiple-party account with funds on deposit in an amount to satisfy the indebtedness. As such, the Order of the bankruptcy court must be reversed.

April 2, 2012                                   BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.

*/s/Karen L. Rowse-Oberle*
KAREN L. ROWSE-OBERLE   (P41893)
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@butler-butler.com

# EXHIBIT 1

REV.

## Survivorship Account

| Name (Last) | (First) | (Initial) | Account Number |
|---|---|---|---|
| HOUSTON-NEDD | KATHRYN | V | 0238 |

| Address | Telephone | Social Sec. # |
|---|---|---|
| 28710 SAN CARLOS | | -1007 |

| City | State | Zip |
|---|---|---|
| SOUTHFIELD | MI | 48076 |

| Place of Employment | Emp. Date |
|---|---|
| DETROIT EDISON - CCC | 6-23-69 |

| Employment Address or Co. Mail Address | Bus. Tel. No. |
|---|---|
| 125 SFLD. | |

| Birth Date | Mother's Maiden Name (For Identification Purposes Only) |
|---|---|

NON-EDISON EMPLOYEE: PHOTOCOPY OF DRIVER'S LICENSE MUST ACCOMPANY THIS APPLICATION.

### The Detroit Edison Credit Union - Membership Card

I hereby make application for membership in and agree to conform to the bylaws or any amendments thereof in the Detroit Edison Credit Union

**Member Signature and Certification:** Under penalties of perjury, I certify (1) that the number shown on this form is my correct social security number and (2) that I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

Strike out the language in (2), if the Internal Revenue Service has notified you that you are subject to backup withholding and has not terminated that notification.

Member's Signature

X  *Kathryn V Houston-Nedd*

### Application - Multiple Name Share Deposit Account With Survivorship

The undersigned requests the above Credit Union to open a multiple name share-deposit account to be known as Account Number _____ in which sums paid to the Credit Union on share-deposits and accumulations, (less setoffs as allowed by law for sums due the Credit Union by any party, shall be paid to one or more of the following parties, on proper withdrawal demand.

X  *Kathryn V Houston-Nedd*

| Member's Signature | | Date |
|---|---|---|

| First Joint Member Signature | | Relationship |
|---|---|---|
| X *Kathryn D. Houston* | | SON |

| First Joint Member Name (Print) | |
|---|---|
| GREGORY G. HOUSTON | |

| First Joint Member Address, City, State, Zip |
|---|
| 28710 SAN CARLOS, SOUTHFIELD, MI 48076 |

| Second Joint Member Signature | | Relationship |
|---|---|---|
| X | | |

| Second Joint Member Name (Print) | | Telephone |
|---|---|---|
| | | ( ) |

| Second Joint Member Address, City, State, Zip |
|---|

The Aforementioned are hereby made parties to this share-deposit account and on proper withdrawal demand, the Credit Union will pay all sums due on account of payment on share-deposits and any accumulations or benefits added thereof, less any setoffs allowed by law to any one or more of said parties. The survivor or survivors from time to time of the parties shall be the only persons who shall be entitled to demand payment of balances in the account. The interest of any of the parties in this account, any requirement of this signature incident to a withdrawal demand, his status as a party to this share-deposit account contact and his right to make withdrawals as aforesaid cease upon his death if one or more of the other parties survives such death.

Furthermore, the master member, referred to as "Member", has the right to add, delete or otherwise change, at any time, the names of the persons designated as joint members, without notification or consent of said joint members.

KU-5 12-90                                    Non-Transferrable

## The Detroit Edison Credit Union - Membership Card

I hereby make application for membership in and agree to conform to the bylaws or any amendments thereof in the Detroit Edison Credit Union

**Member Signature and Certification:** Under penalties of perjury, I certify (1) that the number shown on this form is my correct social security number and (2) that I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

Strike out the language in (2), if the Internal Revenue Service has notified you that you are subject to backup withholding and has not terminated that notification.

Member's Signature

X _Kathryn V Houston-Nedd_

### Application - Multiple Name Share Deposit Account With Survivorship

The undersigned requests the above Credit Union to open a multiple name share-deposit account to be known as Account Number _____ in which sums paid to the Credit Union on share-deposits and accumulations, (less setoffs as allowed by law for sums due the Credit Union by any party, shall be paid to one or more of the following parties, on proper withdrawal demand.

X _Kathryn V Houston-Nedd_

Member's Signature                                                                 Date

First Joint Member Signature _Gregory D. Houston_        Relationship _SON_

First Joint Member Name (Print) _GREGORY G. HOUSTON_

First Joint Member Address, City, State, Zip _28710 SAN CARLOS, SOUTHFIELD, MI 48076_

Second Joint Member Signature                                                       Relationship
X

Second Joint Member Name (Print)                                                    Telephone
                                                                                    (    )

Second Joint Member Address, City, State, Zip

The Aforementioned are hereby made parties to this share-deposit account and on proper withdrawal demand, the Credit Union will pay all sums due on account of payment on share-deposits and any accumulations or benefits added thereof, less any setoffs allowed by law to any one or more of said parties. The survivor or survivors from time to time of the parties shall be the only persons who shall be entitled to demand payment of balances in the account. The interest of any of the parties in this account, any requirement of this signature incident to a withdrawal demand, his status as a party to this share-deposit account contract and his right to make withdrawals as aforesaid cease upon his death if one or more of the other parties survives such death.

Furthermore, the master member, referred to as "Member", has the right to add, delete or otherwise change, at any time, the names of the persons designated as joint members, without notification or consent of said joint members.

KU-5 12-90                              Non-Transferrable