UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GREGORY GERALD HOUSTON,   Bankr. No. 11-60934
                                 HON. MARCI B. MCIVOR
    Debtor.
_____/

LAKE TRUST CREDIT UNION,

    Appellant,                   Civil Action No. 12-CV-10534

vs.                              HON. BERNARD A. FRIEDMAN

GREGORY GERALD HOUSTON,

    Appellee.
_____/

**OPINION AND ORDER REVERSING BANKRUPTCY COURT'S ORDER
DENYING APPELLANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

        This matter is presently before the court on an appeal by Lake Trust Credit Union ("credit union") from a order of the bankruptcy court denying its motion for relief from the automatic stay. The issues having been fully briefed, the court shall dispense with oral argument and decide the appeal without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

        The facts of the case are not disputed. The debtor owes approximately $42,087 on two credit cards issued to him by the credit union in 2000 and 2005. The debtor's mother, Kathryn, opened a "survivorship account" with the credit union in 1993; from that time to the present, debtor has been a "joint member" on that account. The survivorship account currently has a balance of approximately $61,400. Shortly after the debtor filed his bankruptcy petition, the credit union froze those funds. The credit union sought relief from the automatic stay so that it may apply those funds against debtor's credit card balance.

The bankruptcy court denied the credit union's motion. The bankruptcy judge reasoned that (1) under Mich. Comp. Laws § 490.51(d) the survivorship account is a multiple-party account, (2) under Mich. Comp. Laws § 490.361(4) the credit union has a lien on the survivorship account because debtor is a party to that account and a credit union member, and (3) under Mich. Comp. Laws § 490.64, a credit union may enforce its lien against "the entire amount of the account," but subject to the right of the parties to the account to prove their actual ownership in the funds pursuant to the presumption codified in Mich. Comp. Laws § 490.53 that the funds in a multiple-party account "belong to the parties in proportion to the net contributions by each to the sums on deposit." The bankruptcy court also found, as a matter of fact, that Kathryn is the only person who has ever deposited funds into or withdrawn funds from the survivorship account, and that the only reason she opened this account was to provide a means for her son to have access to any remaining balance upon her death. The bankruptcy court concluded that the credit union is not entitled to relief from the automatic stay because it has no right to set off debtor's credit card debt against any portion of the funds in the survivorship account, as none of those funds belong to debtor.[1]

The court has appellate jurisdiction pursuant to 28 U.S.C. § 158. The court reviews a bankruptcy court's factual findings for clear error; its conclusions of law are reviewed *de novo*. *See In re Cook*, 457 F.3d 561, 565 (6th Cir. 2006); *In re Musilli*, 398 B.R. 447, 452-53 (E.D. Mich. 2008). In the present case, the credit union does not challenge the bankruptcy court's factual findings. Rather, the appeal rests on the credit union's argument that the bankruptcy court erred in

---

[1] The parties correctly note, as did the bankruptcy court, that the credit union's setoff rights, if any, are determined by state law. *See* 11 U.S.C. § 553; *In re New Haven Foundry, Inc.*, 285 B.R. 646, 648 (Bankr. E.D.Mich. 2002).

concluding that the setoff right in Mich. Comp. Laws § 490.64 is subject to the presumptions regarding ownership expressed in Mich. Comp. Laws § 490.53.

The bankruptcy court's ruling is certainly appealing from an equitable point of view. As noted, the funds in the survivorship account were deposited exclusively by debtor's mother, and she placed debtor on the account for the sole purpose of making the balance available to him upon her death. Debtor apparently has never withdrawn any of the funds from this account and he, too, understood that his mother placed him on the account merely in order to avoid probate. Clearly, it seems unfair to allow the credit union to use funds in the survivorship account to satisfy debtor's credit card debt, which debtor's mother had no role in amassing.

Nonetheless, the bankruptcy court's ruling cannot be squared with the provisions of Michigan's Credit Union Act ("the Act") concerning setoffs. The bankruptcy court correctly found, and the parties agree, that the survivorship account is a "multiple-party account" under the Act and that the credit union has a lien on the account by virtue of the debtor's credit card debt to the credit union. However, the credit union's lien and setoff rights are against the entire account irrespective of the net contributions of the parties to the account. The extent of the lien is made plain by Mich. Comp. Laws § 490.361(4) which states that "a domestic credit union has a lien on any share of a member, or any deposit account from which a member may withdraw for his or her own benefit without the consent of another person, for any obligation owed to the domestic credit union by that member . . . ." As the bankruptcy court correctly noted, debtor clearly could withdraw funds from the survivorship account, even if he never did so and never intended to do so. The survivorship account application, which was signed by both the debtor and his mother, indicated that "deposits and accumulations, less setoffs as allowed by law for sums due the Credit Union by any party, shall

3

be paid to one or more of the following parties, on proper withdrawal demand."

The credit union's setoff rights are also clearly defined in the Act: "[W]hen a party to a multiple-party account is indebted to a credit union, the credit union has a right to set-off against *the entire amount of the account*." Mich. Comp. Laws § 490.64 (emphasis added). The credit union's setoff right is not limited to the indebted party's net contribution to the multiple-party account. The bankruptcy court found such a limitation by importing one of the "presumptions" from an earlier section of the Act, namely, that "a multiple-party account . . . is presumed to belong to the parties in proportion to the net contributions by each to the sums on deposit." Mich. Comp. Laws § 490.53. Applying this statutory presumption to limit the credit union's set off rights was error. First, it does not appear that this presumption has any application in the present case. Section 490.53, along with four other statutory presumptions, "concerning beneficial ownership as between parties, or as between parties and beneficiaries, of multiple-party accounts are relevant only to controversies between these persons or their creditors and other successors, . . . ." Mich. Comp. Laws § 490.52. These presumptions, if unrebutted, "are effective to establish beneficial ownership." Mich. Comp. Laws. § 490.59. There is no indication in the Act that these presumptions may be used for any other purpose, i.e., to limit a credit union's setoff rights.

Second, § 490.52 states that the presumptions, including § 490.53, "are relevant only to controversies between these persons [i.e., parties and beneficiaries] or their creditors and other successors, . . ." The present case does not involve a controversy between parties and beneficiaries. Nor does it involve a controversy between creditors and successors. Even assuming the word "or" is a drafting error and that the word "and" was meant instead, in which event the presumption would also apply to controversies between parties and their creditors, the word "creditors" in § 490.52

4

cannot be construed to include credit unions which also happen to be creditors. Section 490.64 is the final section of the part of the Act dealing with multiple-party accounts; the "presumptions" sections appear earlier in this part. Section 490.64 specifically addresses the situation where "a party to a multiple-party account is indebted to a credit union." This section, being the more specific, clearly qualifies the more general rule (arguably stated in §§ 490.52 and 490.53) that is applicable to "creditors." *See DeFrain v. State Farm Mut. Auto. Ins. Co.*, 491 Mich. 359, 367 n.22 (2012) ("The settled rule regarding statutory construction is that a specific statutory provision controls over a related but more general statutory provision"). In other words, even assuming §§ 490.52 and 490.53 apply *generally* to disputes between creditors and parties (or beneficiaries) to multiple-party accounts, these "presumptions" are clearly trumped by § 490.64 which addresses the *specific* situation where the creditor is a credit union and the debtor is a party to such an account.

Moreover, the only two decisions addressing this issue have concluded that a credit union's right to setoff, as established by §§ 490.361(4) and 490.64, is unaffected by the presumption expressed in § 490.53. In *In re: Pamela M. Crawford*, No. 09-58228 (Bankr. E.D. Mich. Dec. 31, 2009), debtor owed approximately $10,000 on a credit card issued by her credit union. Debtor was also a joint owner, along with her two sons, of two credit union accounts which were opened when debtor's sons were young children, approximately 20 years before debtor filed her bankruptcy petition. Debtor did not know her name was still on these accounts, and the funds in those accounts had been deposited exclusively by her sons. As in the present case, the credit union claimed to have a lien and setoff rights as to the funds in these multiple-party accounts in order to satisfy debtor's credit card debt to the credit union. And as in the present case, relying on § 490.53, debtor argued that the credit union had no such rights because she had not deposited any funds into the multiple-

5

party accounts. The court rejected debtor's argument:

> The presumption created by M.C.L. § 490.53 "concerning beneficial ownership as between parties, or as between parties and beneficiaries, of multiple-party accounts [is] relevant only to controversies between these person or their creditors and other successors . . . ." M.C.L. § 490.52. The Court acknowledges that some ambiguity may be raised by M.C.L. § 490.52, given that in this case, facially at least, there is a "controversy" between the owners of the accounts and a creditor, [the credit union], to which that statute might seemingly apply. However, what dictates the result in this case is that (1) there is not a controversy as to ownership of the accounts between [the credit union] and the owners of the accounts, including Debtor, which is what that statute seeks to deal with – i.e.: [the credit union] does not claim any ownership in the accounts; rather, its claim of set-off is at issue – and (2) in any event, there is a specific statute, M.C.L. § 490.64, which, by reason of being specific, governs the issue of set-off.

*Id.* at 5. The court concluded that the credit union was entitled to a setoff and relief from the automatic stay.

The same result was reached in *In re Hess*, 456 B.R. 309 (Bankr. E.D. Mich. 2011). In that case, debtors owed approximately $20,000 on a credit card issued by their credit union. One of the debtors, James, was also a party to a credit union checking account with his mother. The credit union sought to assert a lien and setoff against the joint account. Debtors resisted on the grounds that all of the funds in the joint account had been deposited by James' mother. As in *Crawford*, the court found no merit in debtors' position. After finding that the checking account was a multiple-party account, the court lifted the automatic stay "to allow [the credit union] to exercise its set-off rights under Michigan law, . . ." *Id.* at 318.

In the present case, the credit union's position is further strengthened by the fact that both debtor and his mother acknowledged the credit union's setoff rights in the application establishing the survivorship account. The application, signed by both debtor and his mother, states

in relevant part:

> The undersigned requests the above Credit Union to open a multiple name share-deposit account to be known as Account Number _____ in which sums paid to the Credit Union on share-deposits and accumulations, *less setoffs as allowed by law for sums due the Credit Union by any party*, shall be paid to one or more of the following parties, on proper withdrawal demand.
>
>                                  \*   \*   \*
>
> The Aforementioned are hereby made parties to this share-deposit account and on proper withdrawal demand, the Credit Union will pay all sums due on account of payment on share-deposits and any accumulations or benefits added thereof, *less any setoffs allowed by law to any one or more of said parties*.

(Emphasis added.) Even in the absence of the statutory provisions discussed above, this language would suffice, as a matter of contract law, to establish the credit union's right to set off any indebtedness to the credit union by either debtor or his mother against all funds in the account.

        For these reasons, the court concludes that the credit union may set off debtor's credit card debt against all funds in the survivorship account. The bankruptcy court's contrary conclusion, and its denial of the credit union's motion for relief from the automatic stay is REVERSED and the matter is REMANDED for further proceedings.

                                             S/ Bernard A. Friedman_____
                                             BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE

September 26, 2012